**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**BRAHIAM LINARES VANEGAS**<br><br><br><br>**Debtor(s)** | **CASE NO.   16-02119 BKT**<br><br>**Chapter  7**<br><br>**Adversary No.  17-00052** |
| **BRAHIAM LINARES VANEGAS**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**BANCO SANTANDER DE PUERTO RICO**<br><br><br>**Defendant(s)** | <br><br><br><br><br><br><span style="color:red">**FILED & ENTERED ON 12/22/2017**</span> |

**<u>OPINION & ORDER</u>**

Before the court is Banco Santander de Puerto Rico's (hereinafter "Defendant") *Motion to Alter Order and Partial Summary Judgment* [Dkt. No. 17.]; Brahiam Linares Venegas' (hereinafter "Plaintiff" or "Debtor") *Opposition to Motion to Alter Order and Partial* Judgment [Dkt. No. 22.]; Defendant's *Response to Debtor's Opposition to Motion to Alter Order and Partial Judgment* [Dkt. No. 29]; and Plaintiff's *Reply to Defendant's Response to Opposition to Motion to Alter Order and*

1

*Partial Judgment filed at Docket #29* [Dkt. No. 30].  For the reasons set forth below, Defendant's *Motion to Alter Order and Partial Summary Judgment* [Dkt. No. 17] is DENIED.

### I.    Procedural and Factual Background

On August 31, 2016, this court entered an Order of Bankruptcy Discharge in favor of the captioned voluntary chapter 7 Debtor. [Dkt. No. 25, in related legal case 16-02119].  On February 22, 2017, Debtor initiated this post-discharge proceeding for alleged violations of 11 U.S.C. § 524(a)(2) as a result of Defendant's continued communications regarding a pre-petition debt in the amount of $155.92 for an overdraft charge on a checking account held with Defendant. [Dkt. No. 1].  Defendant was included in both the master address list, and in Schedule E/F "Creditors Holding Unsecured Claims" of the bankruptcy petition, with regards to Debtor's pre-petition debt. [Dkt. No. 23 at pg. 7, in related legal case 16-02119]. Defendant received notice of the Order of Bankruptcy Discharge, on or about September 2, 2016, through the CM/ECF System. [Dkt. No. 23 at pg. 8, in related legal case 16-02119].  In its answer to Plaintiff's complaint, Defendant concentrates on denying that the nature and effect of the letters and asserting that Plaintiff's harms were "self-inflicted, by his failure to close [the account]." [Dkt. No. 7 at pg. 6.]

On August 1, 2017, Plaintiff filed his *Motion for Partial Summary Judgment* and *Memorandum of Law* limited to the issue of liability. [Dkt. No. 13.]  As per Puerto Rico Local Bankruptcy Rule 9013-1, the last day for Defendant's response was August 18, 2017.  By virtue of P.R. LBR 9013-1 and P.R. L.Cv.R. 56, Plaintiff's motion was deemed unopposed and the relief

sought was granted on August 22, 2017, upon this court's determination that the relief requested was neither forbidden by law, against public policy, nor otherwise required by interest of justice [Dkt. No.'s 14 & 15].   On the same day, several hours after the Order was filed and the parties were notified via CM/ECF, Defendant filed its *Motion to Alter Order and Partial Judgment* [Dkt. No. 17] now under consideration.  Defendant argues that the Order entered at Dkt. No. 14 should be altered due to (1) lack of findings of fact; (2) manifest error of law in this court's labeling of the exhibits and the conclusions of law drawn from them; and, lastly (3) manifest injustice.

In  his response, Plaintiff generally states its compliance with Fed. R. Civ. P. 56 and all other relevant procedural rules and statutes, reiterates his arguments as to the nature of the letters, and points out Defendant's procedural failures vis-à-vis Fed. R. Bankr. P. 9014 and 9006(d)  [Dkt. No.'s 22 & 30].

**II.**        **Applicable Law**

**A.  Fed. R. Civ. P. 59(e)**

Fed. R. Civ. P. 59(e), made applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9023, authorizes the filing of a motion moving the court to alter or amend a judgment within 28 days of entry of that judgment.  Because "Rule 59(e) does not state the grounds on which relief may be granted . . . courts have considerable discretion in deciding whether to grant or deny a motion under the rule." In re Nieves Guzman, 567 B.R. 854, 863 (B.A.P. 1st Cir. 2017) (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008)) (internal quotations omitted).

3

The First Circuit has generally noted four grounds for granting a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e): "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortgage Corp., 402 F.3rd 1, 7 (1st Cir. 2005) (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)). "It is well settled in the First Circuit that to meet the threshold requirements of Rule 59(e), the motion must demonstrate the 'reason why the court should reconsider its prior decision' and 'must set forth facts or law of a strongly convincing nature' to induce the court to reverse its earlier decision." In re Nieves Guzman, 567 B.R. at 863 (quoting In re Arroyo, 544 B.R. 751, 756 (Bankr. D.P.R. 2015)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). The moving party is generally held as having to produce to the court a "'clear conviction of error' or belief that the final judgment was 'dead wrong.' Mere disagreement with how the court weighed the facts or interpreted the case law does not constitute a manifest error justifying reconsideration." Steven S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 59, Westlaw (February 2017).

As a general rule, courts will deny Rule 59(e) motions when a movant tries to correct a procedural defect of its own doing. "A motion for reconsideration is not the venue to undo procedural snafus or permit a party to advance arguments it should have developed prior to judgment, nor is it a mechanism to regurgitate old arguments previously considered and rejected." In

re Nieves Guzman, 567 B.R. at 863 (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citations omitted) (internal quotations omitted).

Finally, "[i]n practice, [R]ule 59(e) motions are generally denied because of the narrow purpose for which they are intended." Rosado v. Banco Popular de P.R., 561 B.R. 598, 608 (B.A.P. 1st Cir. 2017) (quoting BAC Home Loans Servicing LP v. Grassi, No. EP 11-010, 2011 Bankr. LEXIS 4362 (B.A.P. 1st Cir. Nov. 21, 2011)). Federal courts "have consistently stated that a motion for reconsideration of a previous order is an extraordinary remedy that must be used sparingly because of interest in finality and conservation of scarce judicial resources." Id. at 607.

### B. U.S. Bankruptcy Code § 524(a)(2)

Section 524 of the U.S. Bankruptcy Code governs a debtor's bankruptcy discharge. Section 524(a)(2) specifies that the discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor...." 11 U.S.C. § 524(a)(2). "The discharge injunction is like a permanent extension of the automatic stay under 11 U.S.C. § 362(a) of the Code and thus, includes all types of collection activity such as; letters, phone calls, threats of criminal proceedings or other adverse actions brought about with the purpose of debt repayment. Best v. Nationstar Mortgage LLC, 540 B.R. 1, 9 (B.A.P. 1st Cir. 2015) (quoting Delgado Laboy v. FirstBank P.R., A.P. No. 09–00047, 2010 WL 427780 at *5–6 (Bankr. D.P.R. 2010)). "The discharge injunction, however, does not prohibit every communication between a creditor and debtor—'only those designed to collect, recover or offset any such debt as a personal liability of the debtor.'" Best,

540 B.R. at 9 (citing In re Gill, 529 B.R. 31, 37 (Bankr. W.D.N.Y. 2015)) (internal quotations omitted). "To prove a discharge injunction violation, a debtor must establish that the creditor '(1) has notice of the debtor's discharge ...; (2) intends the actions which constituted the violation; and (3) acts in a way that improperly coerces or harasses the debtor.'" Bates v. CitiMortgage, Inc., 844 F.3d 300, 304 (1st Cir. 2016) (quoting Best, 540 B.R. at 9).

The court will assess the creditor's conduct "under an objective standard—the debtor's subjective feeling of coercion or harassment is not enough." Rosado, 561 B.R. at 605 (B.A.P. 1st Cir. 2017) (quoting Bates, 844 F.3d at 304). "While there is no 'specific test to determine whether a creditor's conduct meets this objective standard,' the circuit considers "the facts and circumstances of each case, including factors such as the immediateness of any threatened action and the context in which a statement is made." Rosado, 561 B.R. at 605 (quoting Bates, 844 F.3d at 304) (citation omitted) (internal quotations omitted). Creditor conduct has been held to be coercive "when it is 'tantamount to a threat,' or places the debtor 'between a rock and a hard place' in which he would lose either way." Id. (citing Diamond v. Premier Capital, Inc., 346 F.3d 224, 227 (1st Cir. 2003)

## III.     Discussion

### A.  Findings of fact not mandatory on a Rule 56 motion

First, Defendant argues this court should alter its Opinion and Order [Dkt. No. 14.] due to a lack of findings of fact. [Dkt. No. 17 at p. 1, Dkt. No. 29 at p. 5.]  In support of this argument, Defendant fails to provide any case law. The court will draw attention to the fact that formal findings

6

and conclusions are not mandatory on a motion for summary judgment. "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." Fed. R. Civ. P. 52(a)(3). "The reason for not requiring findings is that ordinarily a ruling on a motion for summary judgment, by definition, does not involve the resolution of any triable issues of fact." 9 52 Moore's Federal Practice - Civil § 52.11 (2017). See Ross v. Framingham Sch. Comm., 44 F. Supp. 2d 104, 113 (D. Mass. 1999), aff'd, 229 F.3d 1133, (1st Cir. 2000).

### B. Manifest error of law or justice not found

In conformity with First Circuit precedent, for relief to be granted under Rule 59(e) Defendant "must either clearly establish a manifest error of law or must present newly discovered evidence." United States ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013) (quoting Marie v. Allied Home Mortgage Corp., 402 F. 3rd 1, 7 n. 2 (1st Cir. 2005)). By its own admission, Defendant "is not attacking the facts, as the Exhibits are stipulated as uncontested." [Dkt. No. 17 at pg. 4]. Neither does Defendant present any newly discovered evidence previously unavailable. Defendant's only resort is to provide compelling law in support of reversing this court's prior decision.

The only case law raised by Defendant in its Rule 59(e) motion regarding this court's labeling of the stipulated exhibits is In re McConnie Navarro, 563 B.R. 127 (Bankr. D.P.R. 2017). However, the facts of that case are clearly distinguishable from the case at bar. In that case, the court entered judgment in favor of defendant because it involved the security interest exception created by 11

7

U.S.C § 524(j) for secured creditors.

> Despite its broad scope, the discharge injunction does not prohibit a secured creditor from enforcing a valid prepetition mortgage lien. . . .
>
> In addition, §524(j) provides an exception to the discharge injunction for creditors who hold claims secured by the debtor's principal residence as long as the creditor's acts are in the ordinary course of business between the debtor and the creditor, and limited to seeking payments in lieu of in rem relief.

Best, 540 B.R. at 9 (citations omitted). Furthermore, the McConnie court specifically noted the informational nature of the letters sent to debtor by highlighting that "all of the monthly statements have a box . . . titled 'Explanation of Amount Due' which states in bold capitalized letters the following: 'THIS IS NOT AN ATTEMPT TO COLLECT A DEBT. THIS STATEMENT IS BEING SENT FOR INFORMATIONAL PURPOSES ONLY." McConnie, 563 B.R. at 145. Defendant has not pointed this court towards any material on the record that would resemble this language and the court could not find any. Defendant's communications with Debtor nowhere indicate that the letters were not an attempt to collect and neither did Defendant fall within the "safe harbor" for creditors retaining a security interest.

In its *Response to Debtor's Opposition to Motion to Alter Order and Partial Judgment* [Dkt. No. 29], Defendant introduces, for the first time, further case law that results inapposite as well. Those cases deal with further types of communications courts have ordinarily held to be noncoercive. See In re Knowles, 442 B.R. 150 (1st Cir. BAP 2011) (holding that because neither the filing of a proof of claim nor the sending of annual tax statements are acts against property of the debtor or the estate, they cannot be construed as attempt to seek payment); In re Sciortino, 561 B.R.

8

569 (Bankr. N.D. Ga. 2016) (holding that a single final statement of account letter accompanied by language that informed recipient collection was not sought did not violate the bankruptcy discharge); In re Schatz, 452 B.R. 544 (Bankr. M.D. Penn. 2011) (finding no violation of section 524(a)(2) for a statement sent at the commencement of a chapter 13 proceeding with a disclaimer explaining "that if the Debtor is under the protection of the automatic stay, then the Statement is for informational purposes only and not an attempt to collect the debt[.]").

In the instant case, by contrast, Debtor began receiving the alleged "account statements" as of September 5, 2016, roughly five months after the initial notice of Plaintiff's bankruptcy petition, and six days after this court entered its Order of Bankruptcy Discharge. All of the letters sent by Defendant contained the phrases "total defaults" (total de impagos), "charges pending to be collected" (cargos pendientes por cobrar) followed by a specific date, and a column labeled "amount" which increased on a monthly basis due to "monthly service charges" and an "account statement printing fee."

After considering Defendant's argument, the court is not persuaded it should reverse its previous determination. Unrequested letters, regardless of their labeling, which included Debtor's discharged pre-petition debt (which increased on a monthly basis), when unaccompanied by a bankruptcy or informational disclaimer, reveal a tacit attempt to collect and put pressure on Debtor. "Neither specific intent to violate [the] discharge order nor bad faith is required." In re Schlichtmann, 375 B.R. 41, 95 (Bankr. D.Mass. 2007). "The Bankruptcy Code prohibits a party that

has 'no contractual or in rem relationship with a discharged debtor' from sending the debtor letters based on a relationship that no longer exists. [P]urposeless letters relating to past debts and obligations constitute harassment proscribed by the discharge injunction." In re Todt, 567 B.R. 667, 680 (Bankr. D.N.H. 2017) (citing Collins v. Wealthbridge Mortg. Corp., 474 B.R. 317, 321 (Bankr. D.Me. 2012)) (internal quotations omitted). See also, In re Lemieux, 520 B.R. 361, 366 (Bankr. D.Mass. 2014) (asserting that the word 'due' unaccompanied by disclaimer language indicates an attempt to collect). See also, Rijos v. Vizcaya, 263 B.R. 382, 392 (1st Cir. BAP 2001) ("the 'computer did it' defense is not viable").

Defendant's last argument is to the effect that manifest injustice would result in the case as a result of this court failure to consider the defenses asserted in its answer, and the entry of summary judgment *by default*. Defendant's assertions are misguided, improper, and incorrect.

The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Pursuant to Fed. R. Civ. P., Rule 56(c), made applicable in bankruptcy by Fed. R. Bankr. P., Rule 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). See also, Celotex Corp. v. Catrett, 477 U.S. 317, 322, (1986).

Even when a motion for summary judgment is unopposed, courts are not relieved of their

duty to decide whether the movant is entitled to judgment as a matter of law. Likewise, the court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact. In an unopposed motion for summary judgment, the court is still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate. Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19 (1st Cir. 2006). Given Defendant's procedural failure and considering the record as constituted, this court found that Plaintiff had met his burden of demonstrating that Defendant (1) had notice of the Debtor's discharge (2) intended the actions which constituted the violation; and (3) acted in a way that improperly coerced or harassed the Debtor.

In this case, Defendant "made the decision to sit idly by and allow the summary judgment proponent to configure the record." Kelly v. United States, 924 F.2d 355, 358 (1st Cir. 1991). "Parties who permit the movant to configure the summary judgment record do so at their peril." Gulf Coast Bank & Tr. Co. v. Reder, 355 F.3d 35, 39 (1st Cir. 2004) (quoting Woods-Leber v. Hyatt Hotels of P.R., Inc., 124 F.3d 47, 51 (1st Cir. 1997)). P.R. L.Cv.R. 56 states "that the facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."

## IV. Conclusion

After considering the arguments raised by both parties, this court finds that Defendant's motion neither provides the court with genuine reasons why it should revisit the Opinion and Order

[Dkt. No. 14,] nor compelling facts or law in support of reversing the prior decision. Defendant's motion "fails to offer any new insight or information not previously considered by the court in ruling on the summary judgment motion." Benedictine College, Inc. v. Century Office Products, Inc., 866 F. Supp. 1323, 1329 (D. Kan. 1994).

The Bankruptcy Appellate Panel's remarks in the recent case of Rosado v. Banco Popular de P.R., 561 B.R. 598, 608 (B.A.P. 1st Cir. 2017) are worth repeating here:

> A motion for reconsideration is a weapon that should not be deployed reflexively by the losing party in a contested matter or an adversary proceeding. We recognize that lawyers are duty-bound to advocate zealously on behalf of their clients. But not every adverse order or judgment is predicated on a manifest error of law and the instances of newly discovered evidence are few and far between.

Defendant has failed to establish the legal requirements for granting relief under Rule 59(e), and is therefore not entitled to reconsideration. Defendant's *Motion to Alter Order and Partial Judgment* [Dkt. No. 14] is DENIED.

SO ORDERED

San Juan, Puerto Rico, this 22nd day of December, 2017.

Brian K. Tester
U.S. Bankruptcy Judge

12